# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ABINGTON EMERSON CAPITAL, LLC,

    Plaintiff,

           v.

LANDASH CORPORATION, *et al.*,

    Defendants.

Civil Action 2:17-cv-143
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter came before the Court for an informal telephonic discovery conference on October 4, 2017, to discuss nonparty Mid-America Tire of Hillsboro, Inc's ("Mid-America") Motion to Quash (ECF No. 32). All parties and nonparty Mid-America appeared through counsel. This Order memorializes the results of that conference.

The Court first addressed issues Defendants raised in their letter briefing, which they submitted to the Court via email on September 15, 2017. In particular, the Court concluded that the subpoena Plaintiff served on Mid-America did not violate Federal Rule of Civil Procedure 26(d)(1) because it issued *after* the parties conferred as required under Rule 26(f). Defendants also raised issues regarding the appropriate scope of discovery. Defendants pointed out that much of the information requested in the subpoena at issue relates to Plaintiff's alleged fraud claim, a claim Defendants maintain has not been sufficiently plead. Defendants indicated that they intend to file a motion for judgment on the pleadings to challenge the fraud claim and asked this Court to set a briefing schedule for such a motion and to stay discovery pending resolution

of the forthcoming motion. The Court advised Defendants that they were free to file a motion for judgment on the pleadings without obtaining leave of court and that the default briefing schedule set forth in Local Civil Rule 7.2(a)(1) would apply to any such motion. The Court ruled that, at this juncture, Defendants' request for a stay on the basis that they intend to file a motion for judgment on the pleadings that they contend will be meritorious is denied. The Court stated that Defendants are free to renew their request for a stay via a motion filed contemporaneously with or subsequent to any forthcoming motion for judgment on the pleadings. Plaintiff represented that it may seek leave to file a Second Amended Complaint to add more detailed allegations in response to any forthcoming motion for judgment on the pleadings. The Court advised that any such a request would likely be granted and that Defendants could, of course, file a motion to dismiss or renew any motion for judgment on the pleadings to challenge the sufficiency of Plaintiff's allegations in any amended complaint.

Discussion then turned to nonparty Mid-America's challenges to Plaintiff's subpoena. Without waiving its right to withhold documents subject to the attorney-client privilege, Mid-America agreed to produce documents responsive to Document Request Numbers 3, 4, 5, 6, 13, and 14 **WITHIN THIRTY DAYS**. Mid-America will tender a privilege log for any documents it withholds on the basis of privilege. With respect to Document Request Number 2, Plaintiff will identify the entities it maintains fall within the scope of its request. For the remaining requests, Mid-America does not object to producing documents that relate specifically to the transaction that is the subject of this litigation. Mid-America maintains that the subpoena as drafted requests numerous categories of documents outside the scope of this litigation and that compliance would impose an undue burden. Mid-America acknowledged, however, that it had not yet performed preliminary searches and that it consequently could not, at this juncture,

provide estimates of the amount of time it would take or the expense it would incur to comply with the subpoena.  Moreover, Plaintiff indicated that to the extent compliance would impose an undue burden, it would be willing to bear the cost of production.  Counsel for Plaintiff and Mid-America agreed to work together to over the next thirty days to see if they could reach an agreement regarding the scope of Document Request Numbers 1, 2, 7- 12, and 15 and which party will bear the costs of production.

In light of the foregoing, Mid-America's Motion to Quash is **DENIED WITHOUT PREJUDICE** to renewal should Plaintiff and Mid-America be unable to reach agreement with respect to Document Request Numbers 1, 2, 7- 12, and 15.  The Court encourages the parties call the Court to schedule an informal discovery conference prior to filing a motion.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE