UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ABINGTON EMERSON CAPITAL, LLC,

    Plaintiff,

v.

    Case No. 2:17-cv-143
    JUDGE GEORGE C. SMITH
    Magistrate Judge Jolson

JASON ADKINS, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court upon Defendant XPO's Motion for Reconsideration (Doc. 161) of this Court's October 3, 2018 Order lifting the stay of this action (Doc. 159). Plaintiff Abington Emerson Capital, LLC ("Abington") responded and filed a Motion to File a Third Amended Complaint. (Docs. 167, 168). XPO replied (Docs. 172, 174). Plaintiff responded (Doc. 175). Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 167) is **GRANTED**. And for the reasons that follow, Defendant XPO's Motion for Reconsideration (Doc. 161) is **GRANTED in part and DENIED in part.**

### I.    BACKGROUND

A detailed factual summary of this case is fully set out in the Court's previous Opinions and Orders (Docs. 144 and 159) and will not be fully discussed herein.[1] Presently, Defendant XPO is asking this Court to reconsider its previous Order which lifted the stay over the entirety of this

---

[1] Furthermore, there are two other related cases currently before this Court in which those Plaintiffs claim they too were defrauded through sham sales of tires orchestrated by the same or similar Defendants as in this case. *See Kirby Devs. LLC v. XPO Glob. Forwarding, Inc., et al.*, 2:18-cv-500 (S.D. Ohio 2018) (Smith, J.); *Great Southland Ltd. v. Landash Corp., et al.*, 2:17-cv-143 (S.D. Ohio 2018) (Smith, J.) (stayed).

case. (Doc. 161, Mot. for Reconsid. at 1). Around the same time this Court was issuing its ruling lifting the stay, the United States Bankruptcy Court for the Southern District of Ohio was ruling on Plaintiff's Motion for Comfort Order in the Landash bankruptcy action. *See In re Landash, Corp.*, 2:18-bk-50300, Doc. 146, Ord. on Pl.'s Mot. for Comfort Ord. at 2 (Bankr. S.D. Ohio Oct. 15, 2018). The bankruptcy court found that the automatic stay applies in full to Counts X and XI of Plaintiff's Second Amended Complaint, and to any discrete allegations contained in Counts IV and V that necessitate a finding as to the ownership of the tires that are part of the Landash bankruptcy estate. *Id.*

On October 30, 2018, Plaintiff filed a Motion to file Third Amended Complaint, to remove the Counts and discrete allegations that the bankruptcy court found interfered with its exclusive jurisdiction over determining the ownership of the tires. (*Compare* Docs. 170-1, Ex. A Proposed Third Am. Compl. *with* 71, Second Am. Compl.). XPO responded in opposition, arguing that Plaintiff's Third Amended Complaint will result in "undue prejudice to XPO and is not being brought in good faith." (Doc. 174, Resp. to Mot. for Leave to File at 2) (footnote omitted).

## II. STANDARD OF REVIEW

Defendant XPO asks the Court to exercise its discretion under Federal Rule of Civil Procedure 54(b) to reconsider its previous Order (Doc. 159). Interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Harrington v. Ohio Wesleyan Univ.*, No. 2:05-CV-249, 2008 WL 163614, at *1 (S.D. Ohio Jan. 16, 2008) (Holschuh, J.) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). "The Court has 'significant discretion' in considering a motion to reconsider an

interlocutory order." *Harrington*, 2008 WL 163614, at *2 (quoting *Rodriguez*, 89 F. App'x at 959 n. 7).

Typically, however, courts will reconsider previous interlocutory orders only "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). Motions for reconsideration are not intended to be utilized to re-litigate issues previously considered. *Macdermid Inc. v. Electrochemicals Inc.*, Nos. 96-3995, 96-4072, 142 F.3d 435, 1998 WL 165137, at * 6 n. 7 (6th Cir.1998) (unpublished table decision).

Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

### III.  DISCUSSION

Defendant XPO asks this Court to reconsider its previous Opinion and Order lifting the stay over this action (Doc. 159) for two reasons: 1) the recent bankruptcy court ruling "[c]ompels [t]his] Court to [s]tay [t]his [l]itigation [a]s [t]o Counts 4, 5, 10, and 11[;]" and 2) the Court's concerns about prejudice to the Plaintiff are unnecessary. (Doc. 161, Mot. for Reconsid. at 7–10). Plaintiff counters that: 1) its Third Amended Complaint removes the Counts and discrete allegations that the bankruptcy court held interfered with its exclusive jurisdiction over assets in the Landash bankruptcy estate; and 2) XPO is merely relitigating issues upon which this Court has already ruled. The Court will address XPO's arguments in turn.

A.   **The bankruptcy court ruling does not require a stay.**

Plaintiff's Third Amended Complaint largely moots XPO's first argument. Plaintiff has removed Counts X and XI of its Second Amended Complaint from its Third Amended Complaint. Plaintiff has likewise eliminated the discrete allegations of Counts IV and V that the bankruptcy court specifically stated necessitated a determination as to the ownership of the tires that are part of the Landash bankruptcy estate. (*Compare* Docs. 71, Second Am. Compl. *with* 170-1, Ex. A Proposed Third Am. Compl.).

First, XPO's assertions that the bankruptcy court's holding mandated a stay of Counts IV and V of the Second Amended Complaint in their entirety is contradictory to the plain language of the bankruptcy court's Order. When ruling on Plaintiff's Motion for Comfort Order the bankruptcy court held: "Section 362(a)(3) of the Bankruptcy Code does apply to stay prosecution of Counts 10 and 11 and *those discrete allegations of Counts 4 and 5*, which require determination of ownership of the tires, including, but not limited to, the allegations of theft and transportation of stolen goods." *In re Landash*, 2:18-bk-50300, Doc. 146 at 2 (emphasis added).

Second, XPO's contention that Plaintiff's elimination of certain discrete allegations in Counts IV and V of the Second Amended Complaint is insufficient to comply with the bankruptcy court Order is largely unpersuasive. (*See* Doc. 172, XPO Rep. at 3–4). Instead of drawing the Court's attention to the discrete allegations that XPO believes still run afoul of the bankruptcy court's Order, XPO generally asserts that the Third Amended Complaint "still has many allegations that will require determination of ownership of the tires[]" and is "riddled with references to buyers, sellers, bills of sale, purchase orders, and security interest of and to the tires at issue." (*Id.* at 3). After reviewing Counts IV and V of Plaintiff's Third Amended Complaint,

4

the Court finds that there remain only two discrete allegations in these Counts that may require a determination of the bankruptcy tires' owner.

The Court acknowledges that the allegations that Defendants illegally transported six stolen tires and engaged in theft (Doc. 170-1, Ex. A, Proposed Third Am. Compl. at ¶¶ 98, 105) may run afoul of the bankruptcy court's Order; as such, those two discrete allegations are stayed in as far as the allegations require a determination of ownership of tires that are a part of the bankruptcy estate.[2] However, the Court finds it unnecessary to stay the entirety of this action merely because two sentences may conflict with the bankruptcy court's exclusive jurisdiction over property in the bankruptcy estate. As such, the Third Amended Complaint largely moots XPO's assertions that this action must be stayed so to comply the bankruptcy court's Order.

## B. Plaintiff will be unduly prejudiced by a stay

The Court can easily dispose of XPO's argument that the Court's concerns as to the potential prejudice to Plaintiff is unnecessary. XPO asserts that the Court's concerns should be alleviated because: 1) subpoenas have been issued to a number of individuals, decreasing the likelihood of document destruction; and 2) the related cases "have similarly been in limbo." (Doc. 161, Mot. for Reconsid. at 9–10).

The Court remains concerned about prejudice likely to result from Plaintiff's diminished ability to recover from Defendants if this case were stayed while other related matters continued. This concern has not been quelled as the related cases, despite XPO's representation to the

---

[2] To the extent that the allegations contained in paragraphs 98 and 105—that: "Abington also suffered harm as a result of Defendants' transportation of stolen goods in violation of 18 U.S.C. § 2314 as XPO's shipment of 6 of the Tires has reduced the value of Abington's available security and dissipated Abington's goods." (Doc. 170-1, Ex. A Proposed Third Am. Compl. at ¶ 98) and "Abington also suffered harm as a result of Defendants' transportation of stolen goods in violation of 18 U.S.C. § 2314 and theft in violation of O.R.C. § 2923.31(A)(1) and (2) as XPO's shipment of 6 of the Tires has reduced the value of Abington's available security and dissipated Abington's goods." (*Id.* at ¶ 105)— require a determination as to ownership of the tires' in the Landash bankruptcy estate, such allegations are stayed.

5

contrary, have not been—and are currently not—"in limbo." Significantly, on November 13, 2018, a court in the Southern District of Texas denied XPO's Motion to Stay in a related case. *See Vecron Exim Ltd. v. XPO Logistics, Inc., et al.*, No. 4:18-cv-2394, Doc. 27, Ord. on XPO's Mot. to Trans. or Stay at 2 (S.D. Tex. Nov. 13, 2018).[3] Further, this Court recently denied XPO's Motion to Stay the entirety of another related case. *See Kirby Devs. LLC v. XPO Glob. Forwarding, Inc., et al.*, No. 2:18-cv-500, Doc. 47 (S.D. Ohio Nov. 20, 2018). Given that these related matters are proceeding, the Court's concerns about prejudice to the Plaintiff remain. *See Karimona Invs., LLC v. Weinreb*, No. 02-cv-1792, 2003 WL 941404, at *3 (S.D.N.Y. Mar. 7, 2003) (denying defendant's motion to stay, finding that: "Plaintiff has legitimate concerns that further delay may prejudice its ability to recover against" the defendant given defendant is a party in another case that arose out of similar allegations as the case at bar.). As such, the Court is still of the opinion that any hardship XPO may suffer in litigating this case at the present is outweighed by the prejudice that the Plaintiff will suffer if this action was stayed.

XPO has failed to draw the Court's attention to any new evidence that supports a stay. Likewise, XPO has failed to demonstrate that the Court's decision to lift the stay was clear error or resulted in a manifest injustice. As XPO has not shown a compelling reason for this Court to reconsider its previous Order (Doc. 159), the stay over this action shall remain lifted except as to the discrete allegations that may run afoul of the bankruptcy court's Order (Doc. 170-1, Ex. A Third Am. Compl. at ¶¶ 98, 105).

---

[3] "XPO Logistics, Inc. and XPO Global Forwarding, Inc.'s Motion to stay (Docket Entry No. 22) is also **DENIED.**" *Vecron Exim Ltd.*, No. 4:18-cv-2394, Doc. 32 at 2.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is **GRANTED in part and DENIED in part**. The discrete allegations in Counts IV and V are stayed in as far as the allegations require a determination of ownership of tires that are a part of the bankruptcy estate, as noted *supra*. Additionally, this matter is currently stayed as to the following Defendants due to their ongoing bankruptcy proceedings: Eckerd, *see In re Eckerd*, No. 18-41521 (Bankr. E.D. Tex. 2018); and Mid America, *see In re Mid America Tire of Hillsboro, Inc.*, No. 4:18-bk-13908 (Bankr. S.D. Ohio 2018). The parties are **ORDERED** to contact Magistrate Judge Jolson's chambers to establish a new case management schedule.

The Clerk is **DIRECTED** to file Plaintiff's Third Amended Complaint (Doc. 170-1), along with the accompanying Exhibits. (Docs. 170-2 through 170-34).

The Clerk shall remove Documents 161 and 167 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**