**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ABINGTON EMERSON CAPITAL, LLC,**

      **Plaintiff,**

      v.

**LANDASH CORPORATION, et al.,**
      **Defendants.**

Civil Action 2:17-cv-143
Judge Sarah D. Morrison
Magistrate Judge Jolson

**OPINION AND ORDER**

This matter is before the Court on Defendant XPO Global Forwarding, Inc.'s and Defendant XPO Logistics, Inc.'s (collectively, "XPO") Motion to Permanently Seal (Doc. 346) and Plaintiff Abington Emerson Capital, LLC's ("Abington") Motion to Permanently Seal (Doc. 347). For the following reasons, XPO's Motion (Doc. 346) is **GRANTED in part** and **DENIED in part**. Specifically, XPO's request to permanently seal is **DENIED**, but its request pertaining to waiver is **GRANTED**. Abington's Motion (Doc. 347) is **DENIED without prejudice to re-filing**. The documents Abington seeks to permanently seal will remain off the public docket for **TEN (10) days** from the date of this Order, during which time Abington may file a more detailed and narrowly-tailored motion to seal.

**I.**     **BACKGROUND**

On June 3, 2020, the Court granted both XPO's and Abington's Motions to File Documents Under Temporary Seal. (Doc. 337). The Court temporarily sealed the documents and directed the parties to file any motion to permanently seal within fourteen days. (*Id.*). XPO and Abington filed

their respective Motions to Permanently Seal on June 17, 2020.  (Docs. 346, 347).  Both Motions are unopposed.  (*See* Doc. 348).  Thus, this matter is ripe for resolution.

## I. STANDARD

A district court may enter a protective order during discovery on a mere showing of "good cause."  Fed. R. Civ. P. 26(c)(1).  "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"  *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party bears a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records."  *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179).  "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations."  *Shane Grp., Inc.*, 825 F.3d at 305–06 (quotation marks and citation omitted).  Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure."  *Id.* at 306 (quotation marks and citation omitted).

## II. DISCUSSION

XPO and Abington set forth separate bases for seeking leave to file under seal.  The Court considers each Motion in turn.

2

### A. XPO's Motion (Doc. 346)

XPO seeks to seal its declaration concerning Defendant Afif Baltagi's attorney fees (the "Declaration") and the redacted portions of Abington's Motion *In Limine* related to the same (Doc. 340), and additionally, requests to file those portions of its opposition brief addressing matters in the Declaration under seal. (*See generally* Doc. 346).

The Declaration discloses: (1) the identity of each attorney(s) or firm(s) whom XPO paid on Defendant Baltagi's behalf; (2) the date range during which such services were performed; (3) the general nature of such services; and (4) the date and amount of each payment made by XPO to said attorney(s) or firms. (*See* Doc. 340-1). XPO sets forth several reasons for sealing the Declaration and related briefing. First, it asserts that "the basic information regarding the Declaration has already been filed with the Court." (Doc. 346 at 2). Further, it contends that "the potential incremental benefit to the public of having additional information is nominal, at best." (*Id*.). But neither reason warrants sealing a document that, on its face, does not reveal any privileged communications or work product but simply provides factual information regarding the representation of Defendant Baltagi. (*See* Doc. 340-1).

Rather, it appears the heart of XPO's concern is the risk of waiver. It is "concerned that permitting the confidential Declaration to be filed publicly could cause one or more of XPO's opposing parties, including Abington, to argue that this disclosure opens the door not only to this particular document, but potentially by extension to other privileged documents and information that may exist, the privileges which [it] specifically preserves and does not waive." (Doc. 346 at 3).

But the parties have already agreed that producing the Declaration would not result in waiver. XPO produced the Declaration as part "of an omnibus resolution intended to dispose of

3

several motions filed by Abington and XPO." (Doc. 346 at 1). The parties then jointly approached the Court and agreed that, "[b]ecause the agreed resolution contemplates the production of documents that the parties claim are subject to the attorney-client privilege, the common-interest privilege, and/or the work product doctrine, the parties respectfully request that the Court enter the attached proposed order confirming that the voluntary production of such documents does not constitute a waiver of any privilege in this or any other litigation pursuant to Rule 502(d)." (Doc. 313). The Court granted the parties' Motion and specifically ordered, "[p]ursuant to Rule 502(d) of the Federal Rules of Civil Procedure, the production of the documents described in the Motion, which are incorporated in this order by reference, shall not constitute a waiver of any claim of privilege or work product protection in this case or any other state or federal litigation." (Doc. 314).

Accordingly, XPO's concerns regarding waiver do not justify sealing otherwise non-privileged documents. XPO's Motion to Permanently Seal is **DENIED** as a result. Seemingly predicting this outcome, XPO requests, "[t]o the extent the Court disagrees and determines that XPO has not sustained its burden to demonstrate that confidential treatment is warranted, XPO respectfully requests that the Court expressly limit the application of any order to the Declaration and briefing related thereto to *this* litigation, to avoid any party or third-party's ability to argue any privilege has been waived, eroded, or otherwise impacted in any manner." (Doc. 346 at 3 n.2). Consistent with the Court's previous order (Doc. 314), the Court **GRANTS** XPO's request regarding waiver and **ORDERS** that the use of the Declaration and related briefing be expressly limited to this litigation and, accordingly, any party or third-party may not argue that any privilege has been waived, eroded, or otherwise impacted.

4

B. **Abington's Motion (Doc. 347)**

Abington seeks leave to file under seal ten pages of the deposition transcript of its corporate representative, Josh Perttula, (Doc. 341) and five exhibits from Mr. Perttula's deposition (Docs. 341-25; 341-26; 341-28; 341-29; and 341-42).

The Sixth Circuit's decision in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* provides guidance for analyzing Abington's Motion. There, "[n]umerous court filings," including the plaintiffs' amended complaint, the motion for class certification, and 194 exhibits, were filed under seal. *Graiser v. Visionworks of Am., Inc.*, No. 1:15-CV-2306, 2016 WL 3597718, at *1 (N.D. Ohio July 5, 2016) (citing *Shane Grp., Inc.*, 825 F.3d at 307). For their sole justification the plaintiffs contended that the filings "contained materials designated as confidential under [a joint] protective order." *Graiser*, 2016 WL 3597718, at *1 (citing *Shane Grp., Inc.*, 825 F.3d at 306). But that reasoning fell short. Specifically, the Court concluded that the plaintiffs' "brief" and "perfunctory" reasoning was "inadequate" to seal the documents at issue. *Shane Grp., Inc.*, 825 F.3d at 306.

Abington's reasoning is similarly thin. In seeking to permanently seal transcripts and certain exhibits from Mr. Perttula's deposition, Abington states that the documents "relate to past transactions between Abington and independent third parties that have no relationship or involvement with the circumstances underlying this case." (Doc. 347 at 2). Abington further asserts that the exhibits contain confidential financial information, the disclosure of which "could place [it] at a competitive disadvantage." (*Id.*).

But, as the Sixth Circuit has told us, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),

5

is typically enough to overcome the presumption of access." *Shane Grp., Inc.*, 825 F.3d at 308 (citation and quotations omitted). And Abington has not demonstrated that any of the documents falls into any of these categories.

Moreover, as the Court in *Shane* also emphasized, "[i]n delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). Abington's explanation, based on only a reference to its non-disclosure agreement and confidentiality clauses, does not "demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Id.* at 308; *see also Blasi v. United Debt Servs., LLC*, No. 2:14-CV-83, 2016 WL 3765539, at *1 (S.D. Ohio July 14, 2016) (applying *Shane* to reach a similar conclusion); *Graiser*, 2016 WL 3597718, at *2 (same). Indeed, much of the deposition transcripts Abington seeks to seal refer to matters that were obtained publicly on LexisNexis. (*See* Doc. 341).

Accordingly, Abington's Motion to Permanently Seal (Doc. 347) is **DENIED without prejudice to re-filing**. The documents will remain off the public docket for **TEN (10) days** from the date of this Order, during which time Abington may file a more detailed and narrowly-tailored motion to seal. *See Blasi*, 2016 WL 3765539, at *1 (noting that a proper motion to seal must "demonstrate[] a compelling reason for filing under seal, . . . must be narrowly tailored to serve that reason," and must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations").

### C. CONCLUSION

For the reasons above, XPO's Motion (Doc. 346) is **GRANTED in part** and **DENIED in part**. Specifically, XPO's request to permanently seal is **DENIED** but its request pertaining to waiver is **GRANTED**. Abington's Motion (Doc. 347) is **DENIED without prejudice to re-**

**filing**.  The documents will remain off the public docket for **TEN (10) days** from the date of this Order, during which time Abington may file a more detailed and narrowly-tailored motion to seal.

IT IS SO ORDERED.


Date:                                         /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE